**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------

| | |
|---|---|
| HERMAN PARSON JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ROCHESTER INSTITUTE OF TECHNOLOGY, | : |
| PAUL MAUSHART, and DANIEL GIROUX, | : |
| | : |
| Defendants. | : |

**Case No.  1:16-cv-1045**

-----------------------------------------------------------

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Rochester Institute of Technology ("RIT"), Paul Maushart and Daniel Giroux ("the Individual Defendants") (collectively, the "Defendants"), by and through their undersigned attorneys, answer Plaintiff Herman Parson Jr.'s Complaint (Dkt. 1) as follows:

### AS TO "NATURE OF THE ACTION"

1.      Paragraph 1 of the Complaint contains statements regarding the nature of the case, which require neither admission nor denial by Defendants. Defendants deny any remaining allegations and/or implications contained in Paragraph 1 of the Complaint. To the extent said Paragraph alleges and/or implies that Defendants are liable to Plaintiff in any way, said allegations and/or implications are expressly denied.

### AS TO "THE PARTIES"

2.      Defendants admit that Herman Parson Jr. ("Plaintiff") was previously employed by RIT and that he self-identified as an African American male.

3.      Defendants admit the Rochester Institute of Technology is a New York Not-for-Profit privately endowed, coeducational university with nine colleges and a primary campus

1

located in the Town of Henrietta, New York but deny the remainder of the allegations in Paragraph 3 of the Complaint.

4.      Defendants admit that Paul Maushart is employed by RIT as a General Manager and that he self-identifies as Caucasian but deny the remainder of the allegations in Paragraph 4 of the Complaint.

5.      Defendants admit that Daniel Giroux is employed by RIT as an Assistant Manager and that he self-identifies as Caucasian but deny the remainder of the allegations in Paragraph 5 of the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint state a legal conclusion and, therefore, no response is necessary.

7.      The allegations contained in Paragraph 7 of the Complaint require a legal conclusion and, therefore, no response is necessary.

## AS TO "JURISDICTION AND VENUE"

8.      The allegations contained in Paragraph 8 of the Complaint state a legal conclusion and, therefore, no response is necessary.  However, Defendants admit that Plaintiff alleges that jurisdiction is proper based on 28 U.S.C. § 1331, 1343, and 1367.

9.      The allegations contained in Paragraph 9 of the Complaint state a legal conclusion and, therefore, no response is necessary.  However, Defendants admit that Plaintiff alleges that venue is proper based on 28 U.S.C. §1391(b)(2).

## AS TO "PROCEDURAL PREREQUISITES"

10.      Defendants admit the allegations in paragraph 10 of the Complaint but deny that his charge had any merit.

11.     Defendants admit the allegations in paragraph 11 of the Complaint.

12.     The allegations contained in Paragraph 12 of the Complaint state a legal conclusion and, therefore, no response is necessary.

## AS TO "FACTUAL ALLEGATIONS"

13.     Defendants admit the allegations in Paragraph 13 of the Complaint.

14.     Defendants admit the allegations in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations in Paragraph 16 of the Complaint, except to admit that Plaintiff directly reported to Defendant Giroux.

17.     Defendants deny the allegations in Paragraph 17 of the Complaint except admit that Plaintiff was terminated for failing to follow proper food safety procedures.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint but admit that Plaintiff had a conversation with Defendant Giroux about corrective action he received while on a final warning prior to his termination but Plaintiff never made any comments about his race nor did he claim he felt he was receiving disparate treatment based on his race.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint but admit that Plaintiff received a written warning in April 2015.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint except admit that there was an occasion where a student worker prepared undercooked chicken fingers.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"
### (Discrimination in Violation of TITLE VII and NYSHRL)

31.     Defendants incorporate their answers and defenses contained in Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.     The allegations in Paragraph 32 of the Complaint state a legal conclusion and, therefore, no response is necessary. However, Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     The allegations in Paragraph 33 of the Complaint state a legal conclusion and, therefore, no response is necessary. However, Defendants deny the allegations in Paragraph 33 of the Complaint.

## AS TO "SECOND CAUSE OF ACTION"
### (Discrimination in Violation of NYSHRL against Individual Defendants)

34.     Defendants incorporate their answers and defenses contained in Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.     The allegations in Paragraph 35 of the Complaint state a legal conclusion and, therefore, no response is necessary. However, Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     The allegations in Paragraph 36 of the Complaint state a legal conclusion and, therefore, no response is necessary. However, Defendants deny the allegations in Paragraph 36 of the Complaint.

## AS TO "THIRD CAUSE OF ACTION"
### (Discrimination in Violation of 42 U.S.C. § 1981)

37.     Defendants incorporate their answers and defenses contained in Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.     Defendants admit that Plaintiff has listed a portion of 42 U.S.C. § 1981 but deny that Defendants have violated it.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     The allegations in Paragraph 40 of the Complaint state a legal conclusion and, therefore, no response is necessary. However, Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     The allegations in Paragraph 42 of the Complaint state a legal conclusion and, therefore, no response is necessary.  However, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## AS TO "JURY DEMAND"

43.     Defendants admit that Plaintiff demands a jury trial, but deny that he is entitled to any of the relief requested in his Complaint.

The "WHEREFORE" clause following Paragraph 43 of the Complaint, including subparagraphs (1) through (6), sets forth Plaintiff's prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses. In asserting these defenses, Defendants are providing notice to Plaintiff of the defenses they intend to raise, and they do not assume the burden of proof as to issues that, as a matter of law, are Plaintiff's burden to prove.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim against some or all Defendants upon which relief may be granted.

## SECOND DEFENSE

Defendants state the Plaintiff's alleged right to recovery is barred, in whole or in part, by his failure to mitigate any alleged damages.

6

### THIRD DEFENSE

Defendants state that all employment decisions regarding Plaintiff were made for legitimate, non-discriminatory reasons.

### FOURTH DEFENSE

Even if some impermissible motive was a factor in any employment decision concerning Plaintiff, which Defendants expressly deny, the same decision(s) would have been made for lawful business reasons.

### FIFTH DEFENSE

Defendants state that they exercised reasonable care to prevent and promptly correct any alleged incidents of harassment and that Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided by Defendants or to avoid harm otherwise.

### SIXTH DEFENSE

Defendants state that all actions taken with respect to Plaintiff's employment were made in good faith, and defendants have reasonable grounds for believing that the alleged actions were not in violation of any law as they were based upon bona fide business reasons based on Defendants' reasonable business judgment.

### SEVENTH DEFENSE

Defendants specifically deny the existence of any causal connection of Plaintiff's alleged damages to the conduct or incidents alleged by Plaintiff.

### EIGHTH DEFENSE

Plaintiff is not entitled to punitive damages, in that Plaintiff cannot demonstrate malice or reckless indifference, nor can he impute liability for punitive damages to Defendants, because of their good faith efforts to comply with all anti-discrimination laws and statutes.

7

**NINTH DEFENSE**

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

**TENTH DEFENSE**

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**ELEVENTH DEFENSE**

To the extent that any of Plaintiff's allegations of unlawful conduct are true, which is expressly denied, Defendants did not aid, abet, ratify, condone, encourage or acquiesce in any allegedly discriminatory conduct as alleged by Plaintiff.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the type and amounts allowed or provided by law.

**THIRTEENTH DEFENSE**

Plaintiff has not suffered any compensable damages as a result of Defendants' alleged actions or inactions in that the actions taken as to Plaintiff were for legitimate, non-discriminatory, and non-retaliatory business reasons – Plaintiff's performance did not meet RIT's legitimate performance expectations.

**FOURTEENTH DEFENSE**

Upon information and belief, Plaintiff's damages, if any, were caused by his own conduct in that he failed to meet RIT's legitimate expectations for his performance and Plaintiff failed to notify RIT of the alleged discriminatory conduct he alleges in his Complaint.

**FIFTEENTH DEFENSE**

Upon information and belief, Plaintiff's claims contained in the Complaint are frivolous, unreasonable, and vexatious because Plaintiff is aware that he failed to meet RIT's legitimate expectations for his performance and that Plaintiff was not discriminated against, therefore Defendants are entitled to an award of costs and attorneys' fees incurred in defense of this action.

**SIXTEENTH DEFENSE**

Plaintiff is unable to satisfy the elements of his claims.

**SEVENTEENTH DEFENSE**

Plaintiff is not entitled to a jury trial on claims for back pay, front pay, interest, or equitable relief.

**EIGHTEENTH DEFENSE**

Plaintiff is not entitled to any recovery as he was legitimately terminated unrelated to his race.

**RESERVATION OF DEFENSES**

Defendants reserve the right to raise additional affirmative and other defenses as may be appropriate based on information learned during the course of discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants request that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting Defendants their costs and attorneys' fees; and granting Defendants such other relief as the Court may deem just and proper.

Dated: March 30, 2017
       New York, New York

                                      **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

                                      By: /s Taren Greenidge
                                          Anjanette Cabrera
                                          Taren Greenidge
                                          620 Eighth Avenue, 38th Floor
                                          New York, NY 10018
                                          Telephone: (585) 286-2916
                                          Facsimile: (585) 286-2913
                                          Email: tgreenidge@constangy.com
                                          *Counsel for Defendants*